Joel B. Rothman (Bar No. 57717)
**SRIPLAW, P.A.**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4343 – Facsimile
Joel.rothman@sriplaw.com

*Attorney for Plaintiff Ferdinand Ladera*

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FERDINAND LADERA,<br><br>  Plaintiff,<br><br>  v.<br><br>LITB, INC. dba LIGHT IN THE BOX,<br><br>  Defendant. | CASE NO. 2:22-cv-00221<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (INJUNCTIVE RELIEF DEMANDED)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff FERDINAND LADERA by and through his undersigned counsel, bring this Complaint against Defendant LITB, INC. dba LIGHT IN THE BOX for damages and injunctive relief, and in support thereof states as follows:

### JURISDICTION AND VENUE

1. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

2. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

3. Defendant is subject to personal jurisdiction in Washington State under RCW 4.12.025 because Defendant transacts business in this state, has an office for the transaction of business in this state, and transacted business at the time of the infringement.

4. Venue is proper in this district under 28 U.S.C. § 1400(a) because Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## PARTIES

5. Plaintiff FERDINAND LADERA ("Ladera") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute their original copyrighted works of authorship.

6. Ladera has been a conceptual illustration artist for many years with experience working for companies such as EA, Naughty Dog, and Ubisoft. Ladera has received recognition and awards in various website organizations and publications for his excellence in digital arts. Ladera aims to master the digital design field. Ladera has over 10 years of experience in the gaming industry, working on concept designs, and has been featured in international books and magazines. Currently, Ladera is working as a full-time freelancer and his online portfolio is featured on websites such as ArtStation. Ladera retains all copyrights to his artwork and licenses his copyrighted Works for commercial use.

7. Defendant LITB, INC. dba LIGHT IN THE BOX ("LITB") is a Delaware corporation registered to do business in Washington with its business address located at 5908 112th Avenue, Portland, Oregon, 97250-9606, and can be served by serving its registered agent, Northwest Registered Agent, LLC at 522 West Riverside Avenue, Suite N, Spokane, Washington, 99201-0580.

8. LITB is in the fast fashion business that delivers its products to consumers in over 200 countries and territories. LITB owns and operates the e-commerce website located at the URL WWW.LIGHTINTHEBOX.COM (the "Website"). The Website sells clothing, shoes, bags, beauty products, electronics, toys, garden products, and other items to consumers in the United States. Among the items for sale are wall tapestries and related home décor.

9. Plaintiff alleges that LITB copied his copyrighted Work from the Internet in order to advertise, market and promote its business activities, and to sell cheaply-made products to consumers.

10. LITB committed the violations alleged in connection with LITB's business for purposes of advertising and promoting sales to the public in the course and scope of LITB's business.

**THE COPYRIGHTED WORK AT ISSUE**

11. In 2014, Ladera created the work known as "Dim Light." This work is shown below and referred to herein as the "Work."



Dim Light

12. Ladera's foreign Work is exempt from registration requirements under 17 U.S. Code § 411 because the Work was created in the Philippines, a party to the Berne Convention. Therefore, Ladera is permitted to bring this case under § 411 and has the ability to exercise copyright rights, including the means of redress afforded to authors to protect their rights, in countries to which Berne Convention applies, including the United States.

13. Ladera's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

14. At all relevant times, Ladera was the owner of the Work at issue in this case.

**INFRINGEMENT BY DEFENDANT**

15. LITB has never been licensed to use the Work at issue in this action for any purpose.

16. On a date after the Work at issue in this action was created, but prior to the filing of this action, LITB copied the Work. Specifically, LITB created wall tapestry goods bearing unauthorized reproductions and/or derivatives of the Work.

17. On or about July 1, 2022, Plaintiff discovered the unauthorized use of his Work on the Website.

18. On information and belief, LITB created, manufactured, caused to be manufactured, imported, marketed, distributed, and/or sold products that are strikingly similar to the Work.

19. LITB copied Plaintiff's copyrighted Work without Ladera's permission.

20. After LITB copied the Work, it made further copies and distributed the Work on the Internet to promote the sale of goods and services as part of its fast fashion marketing business.

21. LITB copied and distributed Plaintiffs' copyrighted Work in connection with LITB's business for purposes of advertising and promoting LITB's business, and in the course and scope of advertising and selling products and services.

22. LITB committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 1.

23. Plaintiff never gave LITB permission or authority to copy, distribute or display the Work at issue in this case.

24. Plaintiff notified LITB of the allegations set forth therein on August 24, 2022. To date, the parties have failed to resolve this matter.

### COUNT I
### COPYRIGHT INFRINGEMENT

25. Plaintiff incorporates the allegations of paragraphs 1 through 24 of this Complaint as if fully set forth therein.

26. Plaintiff's Work is protected by copyright, without registration requirements, under 17 U.S. Code § 411 and the Berne Convention.

27. LITB copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Plaintiff's authorization in violation of 17 U.S.C. § 501.

28. LITB performed the acts alleged in the course and scope of its business activities.

29. LITB's acts were willful.

30. Plaintiff has been damaged.

31. The harm caused to Plaintiff has been irreparable.

WHEREFORE, Plaintiff LADERA prays for judgment against Defendant LITB that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged therein in violation of 17 U.S.C. § 501;

b. Defendant be required to pay Plaintiff actual damages and LITB's profits attributable to the infringement;

c. Plaintiff be awarded attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiff be awarded pre- and post-judgment interest; and

e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff thereby demands a trial by jury of all issues so triable.

DATED: October 5, 2022               Respectfully submitted,

/s/ Joel B. Rothman
JOEL B. ROTHMAN
Washington Bar Number: 57717
joel.rothman@sriplaw.com

**SRIPLAW, P.A.**

21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorney for Plaintiff Ferdinand Ladera*