Joel B. Rothman (WBN 57717)
**SRIPLAW, P.A.**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile
Joel.rothman@sriplaw.com
*Attorney for Plaintiff Ferdinand Ladera*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**
**SPOKANE DIVISION**

| | |
|---|---|
| FERDINAND LADERA, | CASE NO.: 2:22-cv-00221 |
| Plaintiff, v. | PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES IN DEFENDANT'S ANSWER |
| LITB, INC. dba LIGHT IN THE BOX, | With Oral Argument Hearing TBD |
| Defendant. | |

Plaintiff FERDINAND LADERA ("Ladera" or "Plaintiff") by and through his undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(f), moves to strike all of the affirmative defenses set forth in LITB, INC. dba LIGHT IN THE BOX's Answer to the Complaint (ECF 7), and states as follows:

## I.    INTRODUCTION

On October 5, 2022, Plaintiff filed its complaint alleging copyright infringement of Ladera's artwork online and in the sale of goods by Defendant LITB, INC. dba LIGHT IN THE BOX ("LITB"). LITB operates in the fast fashion industry delivering its products to consumers in over 200 countries and territories. Plaintiff alleges that LITB

copied his copyrighted Work in order to advertise, market and promote its business, and to sell cheaply-made products to consumers.

LITB was served on October 13, 2022. LITB's answer to the complaint was originally due on November 3, 2022. Plaintiff's counsel and defendant's counsel agreed to extend the deadline for LITB to respond to the complaint by December 2, 2022. However, LITB did not put the agreement in writing by stipulation until December 1, 2022. LITB technically defaulted under the Federal Rules of Civil Procedure and filed an answer without leave of Court on December 2, 2022.

This motion is occasioned by Defendant's filing of boilerplate, insufficient, and/or legally baseless affirmative defenses. (*See* ECF 7). The Court should strike Defendant's affirmative defenses because none of Defendant's affirmative defenses are valid. In addition, without granting Plaintiff's Motion to Strike, it will put extraneous costs on Plaintiff by increasing both time and resources that Plaintiff and Plaintiff's counsel will have to expend in proceeding with the affirmative defenses in this case. Therefore, the Court should grant Plaintiff's Motion to Strike Defendant's affirmative defenses.

## II.    LEGAL STANDARD

Under Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). "Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will

not withstand a motion to strike." *Pepsico, Inc. v. J.K. Distributors, Inc.*, 2007 WL 2852647, *2 (C.D. Cal. Sept. 14, 2007).

The grant of a motion to strike serves "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983); *Ganley v. Cnty. of San Mateo*, 2007 WL 902551, at *2 (N.D. Cal. Mar. 22, 2007) ("In the Ninth Circuit, motions to strike are proper, even if the material is not prejudicial to the moving party, if granting the motion would make trial less complicated or otherwise streamline the ultimate resolution of the action.").

In the Ninth Circuit, conclusory and factually unsupported affirmative defenses are insufficient to survive motions to strike. An affirmative defense must give fair notice of the defense pled. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979). Although "fair notice" is a low bar that does not require great detail, it does require a defendant to provide "some factual basis" for its affirmative defenses. *See Gomez v. J. Jacobo Farm Labor Contr., Inc.*, 188 F. Supp. 3d 986, 992 (E.D. Cal. 2016). Simply referring to a doctrine or statute is insufficient to afford fair notice. *See id*. Indeed, courts generally "will not accept fact barren affirmative defenses or bare references to doctrines or statutes because such pleadings do not afford fair notice of the nature of the defense pleaded." *Id*; *see Board of Trustees of IBEW Local Union No. 100 Pension Trust Fund v. Fresno's Best Indus. Elec., Inc.*, 2014 WL 1245800, at *4 (E.D. Cal. March 24, 2014)

2:22-cv-00221

("Simply identifying an affirmative defense by name does not provide fair notice of the nature of the defense or how it applies in this action...."); *Wyshak*, 607 F.2d at 827) (holding that fair notice of the nature of the defense requires more than allegation of the doctrine at issue).

As explained below, Defendant's Answer contains multiple defects. Specifically, many of the purported "Affirmative Defenses" are not affirmative defenses at all and are simply "negative" defenses aimed at Plaintiff's prima facia case. *See Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal, 2010) (striking eight "negative" defenses). Additionally, some of Defendant's purported "Affirmative Defenses," lack legal basis, and are not supported by any statute, case law, or other jurisprudence. Several of Defendant's affirmative defenses are immaterial and impertinent to the matter at hand. Finally, to the extent any Affirmative Defenses alleged in the Amended Answer would be valid, Defendant has alleged no facts whatsoever to support any of its affirmative defenses, which is insufficient to give fair notice of the defenses pled. *See Wyshak*, 607 F.2d at 826. For the reasons set forth below, the following purported Affirmative Defenses alleged in the Answer are defective and must be stricken.

### III.    LEGAL ARGUMENT

#### A.    Defendant's First Affirmative Defense Should be Stricken

The first affirmative defense at states, "Plaintiff's complaint, and each cause of action alleged therein, fails to state a claim upon which relief can be granted."

"Courts in the Ninth Circuit have routinely held that 'failure to state a claim'" is not a proper affirmative defense." *Kaiser v. CSL Plasma Inc.*, 240 F. Supp. 3d 1129, 1134 (W.D. Wash. 2017) (citing *Vargas v. Cnty. of Yolo*, 2016 WL 3916329, 5, 2016 U.S. Dist. LEXIS 94793, 13–14 (E.D. Cal. July 19, 2016)). This is not a proper affirmative defense, but rather points out a defect in the plaintiff's prima facie case. *See Jin Zhu v. N. Cent. Educ. Serv. Dist.-ESD 171*, 2015 WL 13357609, at *3 (E.D. Wash. Oct. 15, 2015) (citation omitted).

Nevertheless, if Defendant held a good faith belief that Plaintiff had failed to state a claim in its complaint, it could have and should have moved to dismiss any such claim pursuant to Rule 12(b)(6). *See Gencarelli v. Twentieth Century Fox Film Corp.,* 2018 U.S. Dist. LEXIS 5375 (C.D. Cal. Jan. 11, 2018) ("[F]ailure to state a claim under Rule 12(b)(6) is more properly brought as a motion and not an affirmative defense."); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, 2017 U.S. Dist. LEXIS 183910 (C.D. Cal. Nov. 6, 2017) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.") (quoting *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)); *see also Spann v. J.C. Penney Corp.*, 2015 U.S. Dist. LEXIS 192557, at *11 (C.D. Cal. July 16, 2015). However, instead of filing a motion to dismiss, defendant answered the complaint in haste.

This "failure to state a claim" affirmative defense is unsupported by any facts whatsoever and fails to satisfy Rule 8 pleading standards. Plaintiff does not know or

2:22-cv-00221

understand the defendant's theories or factual basis of why the complaint fails to state a claim. Affirmative defenses that do not provide fair notice of the nature and grounds of the defense should be stricken. *See Stevens v. CoreLogic, Inc.*, 2015 U.S. Dist. LEXIS 156161, at *11-12 (S.D. Cal. Nov. 17, 2015). As currently pled, Plaintiff was not provided sufficient notice of this affirmative defense. Therefore, Defendant's first affirmative defense should be stricken.

### B.    Defendant's Second Affirmative Defense Should be Stricken

The second affirmative defense states, "Plaintiff's Complaint, and each cause of action alleged therein, fails because Plaintiff lacks standing to assert the purported claims set forth in the Complaint."

"Courts in the Ninth Circuit routinely hold that 'failure to state a claim' and 'lack of standing' are not a proper affirmative defense because it asserts a defect in the plaintiff's prima facie case and is more properly brought as a motion." *Gergawy v. United States Bakery, Inc.*, 2021 WL 608725, at *7 (E.D. Wash. Feb. 16, 2021).

This affirmative defense should also be stricken because "[s]tanding is not an affirmative defense, but rather 'is a jurisdictional issue.'" *Lanard Toys Limited, v. Anker Play Products, LLC*, 2020 WL 6873647, at *21 (C.D. Cal. Nov. 12, 2020) (*quoting Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Plaintiff Ladera bears the burden of proving jurisdiction in this case. *See id.* This "standing defense" is properly brought under a motion to dismiss, but the Defendant failed to do so.

2:22-cv-00221

Therefore, Defendant's "standing" affirmative defense is invalid and should be stricken.

### C.    Defendant's Third Affirmative Defense Should be Stricken

The third affirmative defense states, "Plaintiff's Complaint, and each cause of action alleged therein, is barred because any purported use of the subject material by Defendant constituted fair use."

Other courts have held that some fact or argument must be presented in order for the Court to conclude that the fair use defense asserted is indeed an affirmative defense. *See Baker v. Jason*, 2014 U.S. Dist. LEXIS 116170, at *4-5 (S.D. Cal. August 20, 2014); *See also Amini Innovation Corp. v. McFerran Home Furnishings Inc.*, 2014 WL 360048, at *4 (C.D. Cal. Jan. 31, 2014) (striking defendant's fair use defense because the "Answer fails to set forth facts regarding the elements of [the] defense and how it applies to the instant action."); *Wild v. Benchmark Pest Control, Inc.*, 2016 WL 1046925, at *4 (E.D. Cal. Mar. 16, 2016) (striking fair use defense noting that merely citing to the statute is insufficient and defendant failed to allege facts of how fair use applies to the instant case).

The fair use analysis requires the Court to consider, at a minimum, the four factors set forth in 17 U.S.C. § 107. *PK Studios, Inc. v. R.L.R. Invs., LLC*, 2016 U.S. Dist. LEXIS 116057, *7-8 (M.D. Fla. Aug. 30, 2016) (citing Nimmer on Copyright § 13.08 (2012)). Notably, Defendant failed to even cite to the statute which has codified the fair use doctrine under § 107. Defendant failed to allege any of the elements of fair use. Plaintiff

is unable to decipher how Defendant's use of the copyrighted Work constituted "fair use" without additional facts. *Wyshak*, 607 F.2d at 827 (holding that fair notice of the nature of the defense requires more than allegation of the doctrine at issue). Merely stating the legal theory here is insufficient and is improper, therefore, this defense should be stricken.

### D.    Defendant's Fourth Affirmative Defense Should be Stricken

The fourth affirmative defense states, "Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or part by the doctrine of laches."

"To prove laches, the defendant must prove both an unreasonable delay by the plaintiff and prejudice to itself." *Wilcox v. Swapp*, 2018 WL 2095722, at *4 (E.D. Wash. Apr. 26, 2018) (citing *Evergreen Safety Council v. RSA Network, Inc.*, 697 F.3d 1221, 1226 (9th Cir. 2012)). Courts will strike an affirmative defense of laches where a defendant does no more than recite the elements of laches. *See Davis v. Hollywood & Ivar, LLC*, 2021 WL 4816823, at *5 (C.D. Cal. Aug. 30, 2021); *see also Seville Classics, Inc. v. Neatfreak Grp., Inc.*, 2017 WL 3473932, at *5 (C.D. Cal. Feb. 14, 2017) (striking a laches defense for insufficient pleading because the party in question "alleged no facts in support of either element"); *Desert Eur. Motorcars, Ltd. v. Desert Eur. Motorcars, Inc.*, 2011 WL 3809933, at *4 (C.D. Cal. Aug. 25, 2011) (striking a laches defense where "the Answer and Counterclaim fails to set forth any facts regarding how Plaintiff's conduct allegedly gave rise to this defense of laches"). Moreover, laches may not bar a

2:22-cv-00221

claim for copyright infringement brought within the appropriate statute of limitations. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1967 (2014).

Here, Defendant fails to even recite the elements of the doctrine of laches. Defendant merely asserts the doctrine of laches without any facts or evidence for support of their affirmative defense. See e.g., *Wilcox v. Swapp*, 2018 WL 2095722, at *4 (E.D. Wash. Apr. 26, 2018) (refusing to strike affirmative defense where the defendant asserted than an affirmative or conclusory statement of the doctrine of laches). Plaintiff is without notice of how the doctrine laches applies to this case. Therefore, this affirmative defense is improper and should be stricken.

### E.    Defendant's Fifth Affirmative Defense Should be Stricken

The fifth affirmative defense states, "Assuming that any loss, injury, or damage occurred as Plaintiff alleges, which Defendant specifically denies, Plaintiff has failed to mitigate those damages."

While courts have recognized a knowing failure to stop ongoing copyright infringement amounts to a failure to mitigate damages in copyright infringement cases*, Tingley Sys., Inc. v. HealthLink, Inc.*, 509 F. Supp. 2d 1209, 1219 (M.D. Fla. 2007), Defendant has failed to plead any facts supporting this affirmative defense to satisfy Rule 8 pleading standards. S*ee Cadence Design Sys., Inc. v. Syntronic AB*, 2022 WL 1320629, at *1 (N.D. Cal. May 3, 2022) (noting that the court previously struck defendant's failure to mitigate defense as insufficiently pled with leave to amend in a copyright case). Here,

2:22-cv-00221

the affirmative defense as written is devoid of any facts and fails to provide Plaintiff with fair notice of the basis for asserting this defense. *See Baker v. FirstCom Music*, 2017 WL 9500947, at *4 (C.D. Cal. July 27, 2017) (striking failure to mitigate defense even under forgiving "fair notice" pleading standard); *Inn S.F. Enter., Inc.*, 2016 WL 8469189, at *2 (no fair notice where defendant failed to provide factual basis for affirmative defenses of unclean hands, waiver, consent, ratification, acquiescence, and failure to mitigate damages); *G & G Closed Circuit Events, LLC v. Nguyen*, 2011 WL 6293922, at *2 (N.D. Cal. Dec. 15, 2011) (striking defense of failure to mitigate damages because defendant failed to identify what damages could have been mitigated by plaintiff or how plaintiff failed to do so). Accordingly, this Court should strike this defense.

## F.    Defendant's Sixth Affirmative Defense Should be Stricken

The sixth affirmative defense states, "Plaintiff's damages, if any, were caused by the negligence and/or acts or omissions of parties other than Defendant, whether or not parties to this action. By reason thereof, Plaintiff's damages, if any, as against Defendant, must be reduced by the proportion of fault attributable to such other parties, and to the extent necessary, Defendant may be entitled to partial indemnity from others on a comparative fault basis."

To the extent that Plaintiff is able to decipher this confusing affirmative defense, Defendant is attempting to assert contributory negligence, or if there is a proportion of fault due to the acts of others, the doctrine of comparative fault should apply. However,

neither are viable defenses. Plaintiff's Complaint alleges a single count for direct copyright infringement, not negligence, and thus there can be no defense of contributory negligence. *See Malibu Media, LLC v. House*, 2013 WL 5954571, at *2 (E.D. Mich. Nov. 7, 2013).

Defendant's comparative fault defense is invalid as a matter of law. Copyright infringement is an intentional tort. *See Bell v. Wilmott Storage Servs.*, LLC, 12 F.4th 1065, 1081 (9th Cir. 2021) ("Indeed, copyright infringement is a strict liability tort."). Joint and several liability applies, rather than the doctrine of comparative fault. "When a copyright is infringed, all infringers are jointly and severally liable for plaintiffs' actual damages, but each defendant is severally liable for his or its own illegal profit ; one defendant is not liable for the profit made by another." *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 519 (9th Cir. 1985). Defendant has failed to provide any facts or how comparative fault applies to this action. Other courts have stricken such defenses when there is no relevant content indicating how the theories are relevant to the action. *See Reiffer v. HGM Holdings LLC*, 2019 WL 283706, at *3 (E.D. Cal. Jan. 22, 2019) (striking comparative fault defense in copyright action); *Legacy v. Wells Fargo Bank*, 2016 WL 2622953, at *4 (S.D. Cal. May 9, 2016) (striking affirmative defense for failure to mitigate damages where "[d]efendant fails to provide any factual basis or legal authority for this affirmative defense"); *Polk v. Legal Recovery L. Offs.,* 291 F.R.D. 485, 491-492 (S.D. Cal. 2013) (striking mitigation of damages defense and contributory

2:22-cv-00221

negligence defense where there was no indication regarding the conduct supporting either defense); *G & G Closed Circuit Events, LLC v. Nguyen*, 2011 WL 6293922, at *2 (N.D. Cal. Dec. 15, 2011) (striking affirmative defenses, including failure to mitigate damages, because defendant failed to identify what damages could have been mitigated by the plaintiff or how he "failed to do so"). Therefore, this defense must be stricken.

### G.    Defendant's Seventh Affirmative Defense Should be Stricken

The seventh affirmative defense states, "To the extent that Plaintiff suffered any damages, such damages were proximately caused by persons, entities, and/or factors or events other than Defendant, and for which Defendant was not and is not responsible."

Proximate cause consists of two elements: (1) cause in fact and (2) legal cause. A party must prove both elements. *See Keller v. City of Spokane,* Nos. 14170-5-III, 14353-8-III, 1996 Wash. App. LEXIS 546, at *1 (Ct. App. Aug. 15, 1996). To establish cause in fact, the party asserting negligence must show that but for the other party's conduct, the injury would not have occurred. *Id*. This defense appears both immaterial and insufficiently pled, providing no details and only legal conclusions. *See J & J Sports Prods., Inc. v. Montanez*, 2010 WL 5279907, at *4 (E.D. Cal. Dec. 13, 2010). This is not a proper affirmative defense and should be stricken.

### H.    Defendant's Eighth Affirmative Defense Should be Stricken

The eighth affirmative defense of "limitation of statutory damages" states, "Plaintiff's Complaint, and each cause of action alleged therein, is barred because any purported infringement was not committed willfully and Defendant was not aware and

had no reason to believe that its acts constituted an infringement of copyright."

Defendant's fail to even cite to the statute in which statutory damages are available under the copyright Act. Copyright is a strict liability tort, and the legal liability attaches at the point infringement occurs, irrespective of the tortfeasor's intent or belief. *See Blue Nile, Inc. v. Ideal Diamond Sols., Inc.*, 2011 U.S. Dist. LEXIS 85223 (W.D. Wash. Aug. 3, 2011). "There is no mention in the Copyright Act of any requirement of intent or knowledge for a party to be guilty of copyright infringement." *Creative Photographers v. Collection*, 2021 U.S. Dist. LEXIS 154585, at *6 (C.D. Cal. July 7, 2021). "The innocent intent of the defendant constitutes no defense to liability." *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1170 (9th Cir. 2012). Plaintiff believes that defendant is attempting to assert an "innocent infringement" defense. However, the defense as currently pled is devoid of any facts or theory in which this affirmative defense applies to the case. There is no fair notice to Plaintiff and the defense should be stricken.

## I.    Defendant's Tenth Affirmative Defense Should be Stricken

The tenth affirmative defense states, "Plaintiff's Complaint, and each cause of action alleged therein, by virtue of the acts of Plaintiff and/or the persons or entities acting on its behalf, is barred by the doctrine of authorization."

It is unclear what the "doctrine of authorization" entails. Nor does the defendant provide any facts in support of its defense identifying the persons "authorized" to act on Plaintiff's behalf. Simply referring to a doctrine or statute is insufficient to afford fair

notice. *See Gomez v. J. Jacobo Farm Labor Contr., Inc.*, 188 F. Supp. 3d 986, 992 (E.D. Cal. 2016). Indeed, courts generally "will not accept fact barren affirmative defenses or bare references to doctrines or statutes because such pleadings do not afford fair notice of the nature of the defense pleaded." *Id*; *see Board of Trustees of IBEW Local Union No. 100 Pension Trust Fund v. Fresno's Best Indus. Elec., Inc.*, 2014 WL 1245800, at *4 (E.D. Cal. 2014) ("Simply identifying an affirmative defense by name does not provide fair notice of the nature of the defense or how it applies in this action...."). This is not a proper affirmative defense and should be stricken.

### J.    Defendant's Eleventh Affirmative Defense Should be Stricken

The eleventh affirmative defense states, "Assuming for the sake of argument that any loss, injury, or damage occurred as Plaintiff alleges, which Defendant specifically denies, any such loss, injury, or damage was proximately caused and contributed to by the negligence or wrongful conduct of other persons. The proportionate degree of fault of such other persons and parties thus must be determined and apportioned so that any judgment entered against Defendant will be reduced by the degree of negligence or fault attributed to such other persons and parties."

Defendant's comparative fault defense is duplicative of its sixth affirmative defense. Plaintiff reincorporates its argument in section (f) that the doctrine of comparative fault does not apply to this case. Thus, this is an improper affirmative defense and should be stricken.

2:22-cv-00221

### K.    Defendant's Twelfth Affirmative Defense Should be Stricken

The twelfth affirmative defense states, "Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part by the doctrine of estoppel."

"Four elements must be presented to establish the defense of estoppel: (1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts, and (4) he must rely on the former's conduct to his injury." *Softketeers, Inc. v. Regal W. Corp.*, No. SACV 19-519 JVS (JDEx), 2020 U.S. Dist. LEXIS 195492, at *18 (citing *Hampton v. Paramount Pictures Corp.*, 279 F.2d 100, 104 (9th Cir. 1960) (addressing estoppel in a copyright case); *McIntosh v. N. California Universal Enterprises Co.*, 670 F. Supp. 2d 1069, 1101 (E.D. Cal. 2009). Courts have held that the affirmative defense of estoppel is "adequately pled only where the defendant had allege[d] all the elements." *Misra v. Decision One Mortg. Co., LLC*, 2008 U.S. Dist. LEXIS 144903, at *26 (C.D. Cal. Mar. 24, 2008) (*citing Allen v. A.H. Robins Co., Inc.*, 752 F.2d 1365, 1371 n. 3 (9th Cir. 1985); *see also Sun Microsystems, Inc. v. Datram Corp.,* 1997 WL 50272, at *4 (N.D. Cal. Feb. 4, 1997).

Defendant has failed to plead any of these elements or facts in support of its conclusory defense. Simply referring to a doctrine or statute is insufficient to afford fair notice. *See Reiffer v. HGM Holdings LLC,* 2019 WL 1455325, at *3 (E.D. Cal. Apr. 2, 2019) (striking estoppel defense without leave to amend where defendant failed to amend

conclusory terms of affirmative defense). This is not a proper affirmative defense and should be stricken.

### L.    Defendant's Thirteenth Affirmative Defense Should be Stricken

The thirteenth affirmative defense states, "By virtue of the acts of the Plaintiff and/or the persons and/or the entities acting on Plaintiff's behalf, the Defendant has been damaged in an amount equal to or greater than the amount of damages, if any, to which Plaintiff might be entitled. As a result, the Defendant is entitled to an offset against any sums found owing to the Defendant from Plaintiff."

Plaintiff does not understand what Defendant is asserting in its affirmative defense. Defendant does not explain what damages it has suffered or how Plaintiff caused them. This affirmative defense is unsupported by any facts whatsoever and fails to satisfy Rule 8 pleading standards. Affirmative defenses that do not provide fair notice of the nature and grounds of the defense should be stricken. *See Stevens v. CoreLogic, Inc.*, 2015 U.S. Dist. LEXIS 156161, at *11-12 (S.D. Cal. Nov. 17, 2015). This is not a proper affirmative defense and should be stricken.

### M.    Defendant's Fourteenth Affirmative Defense Should be Stricken

The fourteenth affirmative defense states, "The damages alleged in Plaintiff's Complaint are impermissibly remote and speculative, and, therefore, Plaintiff is barred from the recovery of any such damages against Defendant."

This is not a proper affirmative defense because, "as most courts have found, allegations that a plaintiff's damages are speculative do not constitute affirmative

defenses because those statements are merely allegations that Plaintiff has not met its burden of proof." *See Taylor v. Chase*, 2016 U.S. Dist. LEXIS 153986, 2016 WL 6575072, at *3 (N.D. Ind. Nov. 7, 2016) ("[A]sserting that a plaintiff's claimed damages are speculative, vague, or even non-existent does not constitute an affirmative defense."). Further, "alleging that Plaintiff's damages are speculative is not an affirmative defense because "[a]ffirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987). This is not a proper affirmative defense and should be stricken.

### N.    Defendant's Fifteenth Affirmative Defense Should be Stricken

The fifteenth affirmative defense states, "Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part by the doctrine of unclean hands."

To successfully invoke the unclean hands doctrine, a defendant must demonstrate that the plaintiff's wrongdoing is directly related to the claim against it, and that the defendant was personally injured by the plaintiff's conduct. *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 450-51 (11th Cir. 1993). Failure to allege both elements requires that the defense be stricken. *See PK Studios, Inc. v. R.L.R. Invs., LLC*, 2016 U.S. Dist. LEXIS 116057 at *17-18 (M.D. Fla. Aug. 30, 2016) (citing Nimmer on Copyright § 13.08 (2012)).

Defendant fails to allege any elements of the unclean hands doctrine. Buying

online merchandise is not wrongdoing. Furthermore, buying online merchandise from Defendant actually confers a benefit on the Defendant, not an injury.

This affirmative defense is unsupported by any facts whatsoever and fails to satisfy Rule 8 pleading standards. Affirmative defenses that do not provide fair notice of the nature and grounds of the defense should be stricken. *See Stevens v. CoreLogic, Inc.*, 2015 U.S. Dist. LEXIS 156161, at *11-12 (S.D. Cal. Nov. 17, 2015) (striking affirmative defense that merely recites to legal doctrine of waiver, **estoppel**, acquiescence, statute of limitations, laches, failed to provide fair notice to plaintiff). This is not a proper affirmative defense and should be stricken.

### O.    Defendant's Sixteenth Affirmative Defense Should be Stricken

The sixteenth affirmative defense states, "Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part by the doctrine of waiver."

This affirmative defense is unsupported by any facts whatsoever and fails to satisfy Rule 8 pleading standards. Affirmative defenses that do not provide fair notice of the nature and grounds of the defense should be stricken. *See Stevens v. CoreLogic, Inc.*, 2015 U.S. Dist. LEXIS 156161, at *11-12 (S.D. Cal. Nov. 17, 2015) (striking affirmative defense of waiver because of insufficient pleading). Mere recitations of legal doctrines devoid of any factual allegations fail to provide "fair notice." *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 804–05 (C.D. Cal. 2016) (striking defendant's waiver affirmative defense for failing to provide plaintiff fair notice). This is not a proper

affirmative defense and should be stricken.

**P.      Defendant's Seventeenth Affirmative Defense Should be Stricken**

The seventeenth affirmative defense states, "Plaintiff's Complaint, and each cause of action alleged therein, fails because this Court lacks personal jurisdiction over Defendant."

This is not a proper affirmative defense because it does not establish that "the factual basis for such defenses is readily apparent from defendant's answer." *Monster Cable Prods. v. Avalanche Corp.*, 2009 U.S. Dist. LEXIS 23747, at *8 (N.D. Cal. Mar. 11, 2009). Defendant admits in its Answer that it is a Delaware corporation with a registered agent in Washington state. (ECF 7 ¶ 7). Defendant also admits that LIGHTINTHEBOX.COM (the "Website") "sells clothing, shoes, bags, beauty products, electronics, toys, garden products, wall tapestries, home decor and other items to consumers in the United States." (ECF 7 ¶ 8).

Defendant has not stated where Defendant's principal place of business is. Plaintiff already established personal jurisdiction by serving Defendant's registered agent in Washington. *See Rose v. Miss Pac. LLC*, 2009 U.S. Dist. LEXIS 127184, at *11 (D. Or. May 21, 2009) ("Plaintiff could easily acquire personal jurisdiction over [defendant] in Washington by serving its registered agent in Washington"). This is because "district courts within the Ninth Circuit … must look to state law to determine whether compliance with business registration or agent designation statutes confer general

personal jurisdiction over a nonresident corporate defendant." *Lanham v. Pilot Travel Ctrs., Ltd. Liab. Co.*, 2015 U.S. Dist. LEXIS 117497, at *14-15 (D. Or. Sep. 2, 2015).

Further, Defendant is subject to personal jurisdiction in Washington because it solicited sales and purposefully availed itself of Washington law. *See Mgmt. Recruiters of Lynden, Inc. v. Custom Glass Distribs., Inc.*, 2008 Wash. App. LEXIS 1287, at *18 (Ct. App. June 2, 2008).

Defendant's affirmative defense does not establish a factual basis as to why this Court lacks personal jurisdiction in Washington state over an entity that is registered to do business in Washington. Plaintiff has filed this Complaint where Defendant admits to doing business and where Defendant has established a registered agent. Defendant has acted purposely and availed itself in Washington. This affirmative defense should be stricken.

## IV.    **CONCLUSION**

WHEREFORE, this Court should strike Defendant's LITB, INC. dba LIGHT IN THE BOX's affirmative defenses for the reasons set forth above.

DATED: December 22, 2022          Respectfully submitted,


                                   */s/ Joel B. Rothman*
                                   JOEL B. ROTHMAN
                                   Washington Bar Number:  57717
                                   joel.rothman@sriplaw.com
                                   **SRIPLAW**
                                   21301 Powerline Road, Suite 100
                                   Boca Raton, FL  33433

2:22-cv-00221

561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorney for Plaintiff Ferdinand Ladera*

2:22-cv-00221