Venkat Balasubramani (WSBA #28269)
Stacia N. Lay (WSBA #30594)
**FOCAL PLLC**
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel: (206) 529-4827
Email: venkat@focallaw.com

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (CA Bar No. 226112) (*pro hac vice* forthcoming)
Katherine E. Hollist (AZ Bar No. 033085) (*pro hac vice* forthcoming)
150 Post Street, Suite 520
San Francisco, CA 94108
Tel: (415) 955-1155
karl@kr.law
kate@kr.law

*Attorneys for Defendant LITB, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| FERDINAND LADERA,<br><br>    Plaintiff,<br><br>v.<br><br>LITB, Inc., d/b/a LIGHT IN THE BOX,<br><br>    Defendant. | Case No. 2:22-cv-00221-SAB<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF LADERA'S MOTION TO STRIKE AFFIRMATIVE DEFENSES IN DEFENDANT'S ANSWER**<br><br>3/14/2023<br>With Oral Argument: 10:30 a.m.<br>Video Conference |

OPPOSITION TO MOTION TO STRIKE
(Case No. 2:22-cv-00221-SAB)

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

## INTRODUCTION

Defendant LITB, Inc. ("Defendant") hereby submits its opposition to the motion by Plaintiff Ferdinand Ladera ("Plaintiff") to strike all but one of Defendant's affirmative defenses. Plaintiff's motion should be denied because Defendant's affirmative defenses provide Plaintiff with fair notice, and Plaintiff has not made any showing of prejudice. Alternatively, Defendant requests leave to amend its Answer.

## BACKGROUND

This case involves a work of digital art identified by Plaintiff as "Dim Light" (the "Work"). (*See* ECF No. 1 at ¶ 11.) Plaintiff alleges that Defendant copied the Work and created wall tapestries bearing derivatives of the Work. (*See* ECF No. 1 at ¶ 16.) Plaintiff claims to have discovered such unauthorized use on or about July 1, 2022. (*See* ECF No. 1 at ¶ 17.) Plaintiff claims to have then notified Defendant of the allegedly infringing use on August 24, 2022, but that the parties were unable to resolve the matter. (*See* ECF No. 1 at ¶ 24.)

On October 5, 2022, Plaintiff filed his complaint for alleged copyright infringement. Defendant was served on October 13, 2022, and counsel for the parties agreed to extend Defendant's deadline to respond to December 1, 2022. On December 1, 2022, Defendant filed its Answer, denying most of Plaintiff's allegations. Most importantly, Defendant denied that it operates the lightinthebox.com website (the "Website"). (*See* ECF No. 7 at ¶ 7.)

This is key, because all of the alleged infringement that Plaintiff claims occurred in this case took place on the Website. There is no infringement that allegedly occurred except on the Website, and Plaintiff has not alleged any theory of liability against Defendant apart from its alleged infringing sale on the Website. In its Answer, Defendant has asserted 17 affirmative defenses. Plaintiff moved to strike all but one.

OPPOSITION TO MOTION TO STRIKE
(Case No. 2:22-cv-00221-SAB) – 1

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

# ARGUMENT

## A. Motions to strike affirmative defenses are generally disfavored.

Rule 8 of the Federal Rules of Civil Procedure requires a Defendant to set forth its affirmative defenses as part of its answer in "short and plain terms." Fed. R. Civ. P. Rule 8(b)(1)(a). A court has discretion to strike such affirmative defenses if they are insufficient, "redundant, impertinent, or scandalous." Fed. R. Civ. P. Rule 12(f). An affirmative defense is sufficient if "it gives plaintiff fair notice of the defense." *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1023 (9th Cir. 2010), (overruled on other grounds as recognized by *Morris v. California*, 2022 WL 2901730 (July 22, 2022)). And "the 'fair notice' required by the pleadings standard only requires describing the defense in 'general terms.'" *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Wright & Miller, *Fed. Prac. & Proc.* §1274 (3d ed. 1998)).

Accordingly, motions to strike affirmative defenses are "regarded with disfavor because [they] are often used as delaying tactics, and because of the limited importance of pleadings in federal practice." *McElmurry v. Ingebritson*, 2017 WL 9486190, at *1 (E.D. Wash. Aug. 14, 2017) (quoting 5 Wright & Miller, *Fed. Prac. and Proc.* §1381). In particular, motions to strike a defense as insufficient are often disfavored for their "often harassing character." *Equal Employment Opportunity Commission v. Telecare Mental Health Servs. of Washington, Inc.*, 2022 WL 898551 at *1 (W.D. Wash. Mar. 28, 2022). Courts generally deny such motions "unless the moving party shows 'there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.'" *McElmurry*, 2017 WL 9486190, at *1 (quoting *Kerzman v. NCH Corp.*, 2007 WL 765202, at *6 (W.D. Wash. Mar. 9, 2007). Indeed, even when such a showing has been made, courts in the Ninth Circuit still will generally deny a motion to strike absent a showing of

OPPOSITION TO MOTION TO STRIKE
(Case No. 2:22-cv-00221-SAB) – 2

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

prejudice by the moving party. *See, e.g.*, *Telecare Mental Health, Inc.*, 2022 WL 898551 at *3 ("[Plaintiff] has failed to demonstrate that striking this defense is necessary to avoid prejudice or indeed, would serve much purpose at all."); *Nestle USA Inc. v. Crest Foods, Inc.*, 2017 WL 3267665 at *22 (C.D. Cal. July 28, 2017) ("[C]ourts often require a showing of prejudice by the moving party as a condition to granting such relief.") (internal quotation marks omitted); *Russell Road Food & Beverage, LLC v. Galam*, 2013 WL 6684631, at *2 (D. Nev. Dec. 17, 2013) ("Plaintiff fails to show as a threshold matter that any prejudice will come from allowing the defenses to stand until the parties complete discovery."). While a general requirement for fair notice is that the pleading party state the nature and grounds for an affirmative defense, an affirmative defense is only insufficient if it lacks merit "under any set of facts the defendant might allege." *See Kohler v. Staples the Off. Superstore, LLC*, 291 F.R.D. 464, 468 (S.D. Cal. 2013) (quoting *McArdle v. AT & T Mobility LLC*, 657 F. Supp. 2d 1140, 1149–50 (N.D. Cal. 2009)).

Finally, motions to strike affirmative defenses are disfavored "because of the strong policy favoring resolution on the merits." *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (a motion to strike a proper affirmative defense should not be granted unless it appears to a certainty that a plaintiff would succeed despite any state of facts that could be proved in support of an affirmative defense); *see also Jernee v. Kennamental, Inc.*, No. 60653, 2015 WL 134767, at *6 (Nev. Jan. 8, 2015) (motions to strike responsive pleadings are contrary to policy favoring adjudication on the merits); *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (striking a pleading is an extreme measure and drastic remedy, viewed with disfavor, and infrequently granted).

OPPOSITION TO MOTION TO STRIKE
(Case No. 2:22-cv-00221-SAB) – 3

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

**B.  Plaintiff's motion should be denied as to Defendant's third, fourth, fifth, seventh, eighth, tenth, twelfth, thirteenth, and sixteenth affirmative defenses, because Defendant has provided sufficient information to provide Plaintiff with notice of the legal theories and general basis of these defenses, factual specificity is not required, and Plaintiff has failed to show how he will be prejudiced by these affirmative defenses.**

Most courts to consider the issue in the Ninth Circuit agree that a defendant asserting an affirmative defense is not required to meet the same pleading standards required of plaintiffs under either *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) or *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the court in *McElmurry* noted, courts in this circuit "have even held that boilerplate affirmative defenses are appropriate prior to discovery." 2011 WL 9486190, at *2. This is due to a distinction in the language between Rules 8(a) and 8(c), upon which the Court relied in deciding *Iqbal* and *Twombly*: "An 'affirmative statement' need not contain facts making the defense plausible, as under *Iqbal*, because Rule 8(c) does not require a 'showing,' as does Rule 8(a), but an affirmative defense must at least fairly identify the legal theory upon which it rests.'" *Rockwell Automation, Inc. v. Beckhoff Automation, LLC*, 23 F.Supp.3d 1236, 1241–42 (D. Nev. 2014) (quoting *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F.Supp.2d 893, 900 (E. D. Pa. 2011)).

Although the Ninth Circuit has not itself expressly ruled on the issue of whether the *Iqbal* and *Twombly* standard applies to affirmative defense pleading, it has continued to recognize the "fair notice" standard articulated in *Wyshak v. City Nat. Bank*, 607 F.2d 824 (9th Cir. 1979) in the time since those cases were decided, impliedly continuing the more lenient standard for affirmative defenses. *See, e.g.*, *Kohler*, 779 F.3d at 1019. It is sufficient under this standard, in other words, to describe "the defense in general terms." *Id.*

OPPOSITION TO MOTION TO STRIKE
(Case No. 2:22-cv-00221-SAB) – 4

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Plaintiff's arguments as to Defendant's third, fourth, fifth, seventh, eighth, tenth, twelfth, thirteenth, and sixteenth affirmative defenses all contend that Defendant has failed to meet its pleading standard. In each case, however, Plaintiff seeks factual pleading, or particularity, that is more akin to *Iqbal*-style pleading—and far beyond that required for affirmative defenses. For example, with respect to Defendant's third affirmative defense (fair use), Plaintiff argues Defendant was required to describe how any alleged use of Plaintiff's purported works constituted fair use. But that is not what the law requires. In *Reiffer v. HGM Holdings LLC*, the court considered a case wherein the defendant had failed to allege a single fact in support of its fair use copyright defense. 2019 WL 1455325, at *3 (E.D. Cal. Apr. 2, 2019). In denying the motion to strike, the court noted the lack of prejudice to the plaintiff that would result from allowing the affirmative defense to proceed: "It is not clear what extraneous issues Plaintiff will be forced to litigate as a result of these defenses that may be relevant to the copyright infringement claim." *Id*. at *4. The court also cited *S.E.C. v. Sands*, 902 F.Supp. 1149, 1166 (C.D. Cal. 1995), *aff'd sub nom. S.E.C. v. First. Pac. Bancorp.*, 142 F.3d 1186 (9th Cir. 1998), for the supposition that, "[e]ven when the defense under attack presents a purely legal question, courts are reluctant to determine disputed or substantial questions of law on a motion to strike."

The same is true here. At this early stage in the proceeding, Defendant has provided Plaintiff with information sufficient to understand that it will assert this defense. Moreover, there is no prejudice to Plaintiff, and no extraneous discovery that would not have arisen under Plaintiff's case in chief. Thus, to the extent Plaintiff seeks to strike Defendant's affirmative defenses for lack of sufficiency, these arguments fail, and Plaintiff's motion should be denied.

In moving to strike Defendant's first, second, third, sixth, eleventh,

OPPOSITION TO MOTION TO STRIKE
(Case No. 2:22-cv-00221-SAB) – 5

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

fourteenth, fifteenth, and seventeenth affirmative defenses,[1] Plaintiff continues to assert that these are insufficient. Defendant likewise contends these are adequate to put Plaintiff on notice and that Plaintiff is not prejudiced by Defendant's assertion of these defenses. However, additionally, Plaintiff raises additional arguments with respect to each of these defenses, which Defendant will address in turn below.

C. **Plaintiff's motion should be denied as to Defendant's first, second, and seventeenth affirmative defenses, because Defendant was not required to raise these in a motion to dismiss, as Plaintiff argues.**

With respect to Defendant's first affirmative defense, Defendant has sufficiently put Plaintiff on notice of its argument that Plaintiff has failed to assert a claim for which relief can be granted. In addition to arguing insufficiency, Plaintiff argues that Defendant was required to raise this defense (if at all) by asserting it in a motion to dismiss. However, this is not the case. Rule 12(b)(h) clarifies that a party may waive a defense listed in Rule 12(b)(2)-*(5)* by failing to raise it in its first responsive pleading. However, Defendant's Answer is its first responsive pleading; moreover, a plaintiff's failure to state a claim is a defense raised under Rule 12(b)*(6)*. Similarly, Plaintiff argues that Defendant was required to bring its second affirmative defense (for lack of standing) in a motion to dismiss; however, lack of standing is also not among the specifically enumerated defenses identified by Rule 12(b)(h), nor is it one required to be brought under a

---

[1] Notably, and inexplicably, Plaintiff has elected not to contest *only* Defendant's ninth affirmative defense, which reads: "Plaintiff's rights, if any, to actual damages and/or profits under 17 U.S.C. § 504 are limited by expenses and the elements of profit attributable to factors other than the Copyright." This affirmative defense provides roughly the same degree of specificity of all the others; yet Plaintiff makes no claim that the ninth affirmative defense leaves him without fair notice.

OPPOSITION TO MOTION TO STRIKE
(Case No. 2:22-cv-00221-SAB) – 6

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

motion to dismiss. For these reasons, Defendant's first and second affirmative defenses should be allowed to go forward.

Defendant's seventeenth affirmative defense, for lack of personal jurisdiction, *does* raise one of the specifically enumerated defenses; it is, therefore, one of the defenses that must be raised by a Defendant *either* by motion or in the Defendant's first responsive pleading. As the Ninth Circuit recently confirmed: "The Rules do not require that threshold defenses always be pled by motion. Rather, Rules 12(b) and 12(h) provide that a defendant must assert its defense, absent a pre-answer motion, in a responsive pleading if one is required and that it may choose to assert a defense by answer without risking forfeiture of that defense." *Argonaut Ins. Co. v. St. Francis Med. Ctr.*, 17 F.4th 1276, 1281 (9th Cir. 2021).[2]

> **D.     Plaintiff's motion should be denied as to Defendant's sixth and eleventh affirmative defenses because these defenses directly pertain to Plaintiff's claim regarding alleged liability arising from operation of the Website.**

With respect to Defendant's sixth and eleventh affirmative defenses, Plaintiff misconceives these defenses as assertions of comparative fault for negligence. These defenses, however, are directly applicable to the allegations in

---

[2] Defendant raised this defense via Answer, rather than by motion to dismiss, because of the significant administrative costs associated with litigating this issue in four separate, nearly identical matters simultaneously. Its forthcoming motion to consolidate the four cases will hopefully allow Defendant to address this burden so that the defense can be addressed and timely briefed. In filing this opposition, Defendant expressly preserves its argument that jurisdiction is not proper in this Court.

OPPOSITION TO MOTION TO STRIKE
(Case No. 2:22-cv-00221-SAB) – 7

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Plaintiff's complaint. Defendant is not asserting through its sixth and eleventh affirmative defenses that other parties are at fault in the abstract. Instead—and consistent with Defendant's responsive pleading—these defenses echo Defendant's specific and unequivocal denial that it operates the Website. (*See* ECF No. 7 at ¶ 8). Plaintiff is on sufficient notice of this defense.

Should the Court adopt Plaintiff's position that these defenses are negative defenses and not affirmative defenses, however, Defendant requests that the Court "make[ ] clear that Defendant[ ] [is] not precluded from arguing, in a motion or at trial" that Plaintiff has failed to state a claim or lacks standing. *See Hernandez v. Dutch Goose, Inc.*, 2013 WL 5781476, at *7 (N.D. Cal. Oct. 25, 2013).

### E. **Defendant requests leave to amend should any affirmative defenses be stricken.**

Leave to amend a pleading shall be freely given "when justice so requires." Fed. R. Civ. P. Rule 15(a)(2). In the context of affirmative defenses, federal courts have consistently found that amendment is appropriate where the other party is not prejudiced. If a claim is stricken, leave to amend should be freely given when doing so would not cause prejudice to the opposing party. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979) (if an affirmative defense is stricken for failure to give sufficient notice, the court should grant the defendant leave to amend its answer). If this Court is inclined to grant Plaintiff's motion in any part, Defendant requests leave of Court to amend its Answer to cure any identified defects.

Defendant further requests that the Court's ruling reflect that it has preserved its arguments regarding personal jurisdiction.

### CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's motion because Defendant was not required to raise any of these

OPPOSITION TO MOTION TO STRIKE
(Case No. 2:22-cv-00221-SAB) – 8

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

arguments via motion to dismiss, and appropriately asserted them in its responsive pleading. Alternatively, Defendant requests leave to amend its answer for any defenses for which the Court grants Plaintiff's motion. And finally, Defendant requests that the Court's ruling reflect that Defendant has preserved its arguments regarding personal jurisdiction.

Dated this 12th day of January, 2023.　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　FOCAL PLLC

　　　　　　　　　　　　　　　　　　　　By: *s/ Stacia N. Lay*
　　　　　　　　　　　　　　　　　　　　　　Stacia N. Lay, WSBA #30594
　　　　　　　　　　　　　　　　　　　　　　Venkat Balasubramani, WSBA #28269
　　　　　　　　　　　　　　　　　　　　　　900 1st Avenue S., Suite 201
　　　　　　　　　　　　　　　　　　　　　　Seattle, Washington 98134
　　　　　　　　　　　　　　　　　　　　　　Tel: (206) 529-4827
　　　　　　　　　　　　　　　　　　　　　　Fax: (206) 260-3966
　　　　　　　　　　　　　　　　　　　　　　Email: stacia@focallaw.com
　　　　　　　　　　　　　　　　　　　　　　Email: venkat@focallaw.com

　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant LITB, Inc.

OPPOSITION TO MOTION TO STRIKE
(Case No. 2:22-cv-00221-SAB) – 9

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

# **CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing ("NEF") to all parties in the case, all of whom are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

Dated: January 12, 2023　　　　*s/ Stacia N. Lay*
　　　　　　　　　　　　　　　Stacia N. Lay, WSBA #30594
　　　　　　　　　　　　　　　Focal PLLC
　　　　　　　　　　　　　　　900 1st Avenue S., Suite 201
　　　　　　　　　　　　　　　Seattle, Washington 98134
　　　　　　　　　　　　　　　Tel: (206) 529-4827
　　　　　　　　　　　　　　　Fax: (206) 260-3966
　　　　　　　　　　　　　　　Email: stacia@focallaw.com

　　　　　　　　　　　　　　　Attorneys for Defendant LITB, Inc.

OPPOSITION TO MOTION TO STRIKE
(Case No. 2:22-cv-00221-SAB) – 10

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966