FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FERDINAND LADERA,<br><br>    Plaintiff,<br><br>    v.<br><br>LITB, INC., d/b/a LIGHT IN THE BOX,<br><br>    Defendant. | No.  2:22-CV-00221-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES** |

Before the Court is Plaintiff's Motion to Strike Affirmative Defenses in Defendant's Answer, ECF No. 10. The motion was heard without oral argument. Plaintiff is represented by Joel B. Rothman. Defendant is represented by Jack Shaw, James Daniel Carlson, Sean Michael Sullivan, and Venkat Balasubramani.

Defendant filed an Answer in the above-captioned case on December 1, 2022, asserting seventeen affirmative defenses. Plaintiff moves the Court to strike sixteen of those defenses, on the basis that they lack factual support, do not constitute affirmative defenses, or provide inadequate notice of the defense pleaded.

A court may strike an "insufficient defense or any redundant, immaterial, impertinent or scandalous matter" in a pleading. Fed. R. Civ. P. 12(f). The Ninth Circuit utilizes a "fair notice" standard for pleading of affirmative defenses—as opposed to the heightened pleading standard identified by *Twombly* and *Iqbal*—

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES** *1

which "only requires describing the defense in 'general terms.'" *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. and Proc.* § 1274 (3d ed. 1998)); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This Court and others in the Ninth Circuit disfavor motions to strike, because they are often used as "delaying tactics, and because of the limited importance of pleadings in federal practice." 5 Wright & Miller at § 1381; *see also, e.g.*, *MacLay v. M/V SAHARA*, 926 F. Supp. 2d 1209, 1217 (W.D. Wash. 2013) ("Motions to strike are generally disfavored[.]").

The Court finds Defendant's affirmative defenses meet the fair notice standard as they properly describe the defenses in "general terms." *Kohler*, 779 F.3d at 1019. The defenses are adequately pleaded because they identify the legal theory upon which they are based, and the pleadings provide sufficient factual support to place Plaintiff on notice of Defendant's allegations. Overall, Plaintiff has failed to make a showing that the defenses are "redundant, immaterial, impertinent or scandalous" or there is some other purpose in striking them from the pleading. Fed. R. Civ. P. 12(f).

//
//
//
//
//
//
//
//
//
//
//

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES** *2

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Strike Affirmative Defenses in Defendant's Answer, ECF No. 10, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 31st day of March 2023.



                          Stanley A. Bastian
                  Chief United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES** *3